IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**NATALIE STEGNER,**

**Petitioner,**

v.    Civil Action No. 5:10cv133
     Criminal Action No. 5:10cr5
**UNITED STATES OF AMERICA,**    (Judge Stamp)

**Respondent.**

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

On December 10, 2010, the *pro se* petitioner filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody with no memorandum in support. (Dkt.# 161). The Government was ordered to answer on December 13, 2010, (Dkt.# 165) and filed its response on January 12, 2011. (Dkt.# 169). Petitioner replied on March 2, 2011. (Dkt.# 170).

### II. FACTS

#### A. Conviction and Sentence

On April 5, 2010, petitioner signed a plea agreement by which she agreed to plead guilty to Count One of the indictment, conspiracy to possess with intent to distribute and distribute heroin, in violation of Title 21, United States Code, §§ 846 and 841(b)(1)(C). Additionally, the petitioner knowingly waived her right to appeal and to collaterally attack her sentence. Specifically, the petitioner's plea agreement contained the following language regarding waiver:

> 11. Ms. Stegner is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Acknowledging all this, the defendant knowingly waives the right to appeal her sentence (or the manner in which

1

that sentence was determined) including any enhancements under Section 4B1.1 of the Guidelines, on the grounds set forth in Title 18, United States Code, Section 3742 or on any ground whatever, and waives the right to collaterally attack her sentence including but not limited to a motion brought under Title 28, United States Code, Section 2255, if the Court determines that defendant's total offense level under the advisory Guidelines is Level 26 or less.

(Dkt.# 101 at 4).

On April 9, 2010, the petitioner entered her plea in open court. (Dkt.# 168). The petitioner was 36 years old and a high school graduate. (Id. at 4). The petitioner testified that she could read, write and understand the English language. (Id. at 5). She denied any physical or mental disability that might affect her ability to fully participate in the proceedings; and denied any recent illegal drug or alcohol use. (Id. at 4-5). The petitioner testified that she understood and agreed with all the terms and conditions of the plea agreement. (Id. at 10). The Court specifically asked the petitioner if she understood that under the terms of the waiver of her appellate and post-conviction relief rights, she only retained those rights if the sentence she ultimately received was based on a base offense level of 27or higher, and petitioner said that she did. (Id. at 12). The Court then reviewed all the rights the petitioner was giving up by pleading guilty. (Id. at 16-19). During the plea hearing, the Government presented the testimony of John A. Robinson, detective at the Hancock-Brooke-Weirton Drug Task Force, to establish a factual basis for the plea. (Id. at 20-21). The petitioner did not contest the factual basis of the plea. (Id. at 22).

After the Government presented the factual basis of the plea, the petitioner advised the Court that she was guilty of Count One of the indictment. (Id.). The petitioner further stated under oath that no one had attempted to force her to plead guilty, and that she was pleading guilty of her own free will. (Id. at 22-23). In addition, she testified that the plea was not the result of any promises other than those contained in the plea agreement. (Id.). The petitioner testified that her attorney had

2

adequately represented her, and that her attorney had left nothing undone. (Id. at 23). Finally, the petitioner said she was in fact guilty of the crime to which she was pleading guilty. (Id. at 24).

At the conclusion of the hearing, the Court determined that the plea was made freely and voluntarily, and that the petitioner understood the consequences of pleading guilty. Further, the Court determined that the petitioner understood that the waiver of her appellate and collateral attack rights would apply if her base offense level was 26 or lower. (Id. at 12). The petitioner did not object to the Court's finding.

On May 13, 2010, the petitioner appeared before the Court for sentencing. After considering several factors, including the circumstances of the crime, the petitioner's criminal history, the petitioner's acceptance of responsibility, and the sentencing objectives of punishment, the Court sentenced the petitioner to a term of 57 months imprisonment, followed by three years supervised release. (Dkt.# 169 at 2 and Dkt. #127 at 3).

## B. Appeal

Petitioner did not pursue a direct appeal.

## C. Federal Habeas Corpus

### Petitioners' Contentions (Dkt.# 161)

Petitioner raises two grounds in her petition:

1) She was under the influence of heroin during questioning during questioning and arraignment and "didn't understand consequences;" and

2) she was incarcerated when one of the buys she was charged with occurred, so she couldn't have been involved.

3

### Government's Response (Dkt.# 169)

Petitioner waived her collateral attack rights, incident to her plea agreement, and therefore her § 2255 motion should be dismissed.

Petitioner's claims have no merit.

### Petitioner's Reply (Dkt.# 170)

Petitioner reiterates the claims previously made in her § 2255 motion. As relief, petitioner requests that the Court impose a sentence reduction.

### D. Recommendation

Based upon a review of the record, the undersigned recommends that the petitioner's §2255 motion be **DENIED** and **DISMISSED** from the docket because petitioner knowingly, intelligently, and voluntarily waived the right to collaterally attack her sentence.

## III. ANALYSIS

### A. Petitioner's Burden of Proof

"A petitioner collaterally attacking his sentence or conviction bears the burden of proving that his sentence or conviction was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence otherwise is subject to collateral attack. 28 U.S.C. § 2255. A motion collaterally attacking a petitioner's sentence brought pursuant to § 2255 requires the petitioner to establish his grounds by a preponderance of the evidence." Sutton v. United States of America, 2006 WL 36859 *2 (E.D.Va Jan. 4, 2006).

### B. Waiver

Although the petitioner does not indicate the relief that she is seeking, a fair reading of the

petition establishes that she is seeking to have her conviction overturned based upon issues that occurred prior to her plea of guilty. A valid guilty plea establishes a waiver of the right to bring most previous claims after the time of the plea. "A guilty plea must be a voluntary and intelligent decision of the defendant." Boykin v. Alabama, 395 U.S. 238, 242 (1969). "[T]he guilty plea and the often concomitant plea bargain are important components of this country's criminal justice system. Properly administered, they can benefit all concerned." Blackledge v. Allison, 431 U.S. 63, 71 (1977). However, the advantages of plea bargains "can be secure . . . only if dispositions by guilty plea are accorded a great measure of finality." Id. "To this end, the Government often secures waivers of appellate rights from criminal defendants as part of their plea agreement." United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005). "Absent clear and convincing evidence to the contrary, a defendant is bound by the representations he makes under oath during a plea colloquy." Fields v. Attorney Gen. Of Maryland, 956 F.2d 1290, 1299 (4th Cir. 1992), cert. denied, 506 U.S. 885 (1992). A defendant's statements at the plea hearing are "strong evidence" of the voluntariness of the plea agreement. United States v. DeFusco, 949 F.2d 114, 119 (4th Cir. 1991), cert. denied, 503 U.S. 997 (1992)

In United States v. Attar, 38 F.3d 727, 731 (4th Cir. 1994), the Fourth Circuit found that "a waiver-of-appeal-rights provision in a valid plea agreement is enforceable against the defendant so long as it is the result of a knowing and intelligent decision to forgo the right to appeal." The Fourth Circuit then found that whether a waiver is knowing and intelligent "depends upon the particular facts and circumstances surrounding [its making], including the background, experience, and conduct of the accused." Id. After upholding the general validity of a waiver-of-appeal-rights provision, the Fourth Circuit noted that even with a waiver-of-appeals-rights provision, a defendant may obtain

5

appellate review of certain limited grounds. Id. at 732. For example, the Court noted that a defendant "could not be said to have waived her right to appellate review of a sentence imposed in excess of the maximum penalty provided by statute or based on a constitutionally impermissible factor such as race." Id. Nor did the Court believe that a defendant "can fairly be said to have waived his right to appeal his sentence on the ground that the proceedings following the entry of the guilty plea were conducted in violation of the Sixth Amendment right to counsel." Id.

Subsequently, in Lemaster, the Fourth Circuit saw no reason to distinguish between waivers of direct appeal rights and waivers of collateral attack rights. Lemaster, 403 F.3d at 220. Therefore, like the waiver-of-appeal-rights provision, the Court found that the waiver of the right to collaterally attack a sentence is valid as long as it is knowing and voluntary. Id. And, although the Court expressly declined to address whether the same exceptions apply since Lemaster failed to make such an argument, the court stressed that it "saw no reason to distinguish between waivers of direct-appeal rights and waivers of collateral-attack rights." Id. at n. 2.

Finally, an unpublished decision United States v. Morris, No. 07-4223, slip op. (4th Cir. Sept. 13, 2007) indicates that when the district court conducts a thorough Rule 11 colloquy and the defendant specifically mentions he waives the right to appeal any sentence below the statutory maximum, the record established that defendant made a knowing and voluntary waiver of rights.

In the instant case, the district court conducted a Rule 11 colloquy, and the petitioner specifically mentioned she waived her right to appeal her sentence if the Court determined that her total offense level under the Advisory Guidelines was a Level 26 or less. The petitioner also specifically waived her right to collaterally attack the sentence if the Court determined that her total offense level under the Advisory Guidelines was a Level 26 or less. The Court, in fact, found that her

Total Offense Level was 23. (Dkt. # 130 at 1). Accordingly, the only reasonable conclusion is that the petitioner waived the right to collateral attack.

Nevertheless, during this Court's usual colloquy regarding the waiver of post conviction relief, the Court explicitly excepted certain claims from the waiver. Specifically, the colloquy contained the following waiver:

> THE COURT: And do you understand that under paragraph 11 at page 4 of the plea agreement, that you have entered into what is now at least a conditional or limited waiver of appellate rights, which means that if the Guideline level is determined to be level 26 or less, then you have agreed to waive the right to appeal the sentence for any of the reasons under the sentencing statute and also waived the right to seek any postconviction relief, including that under the so-called habeas corpus statute, subject to certain exceptions, such as ineffective assistance of counsel, sentence above a statutory maximum, and sentence for an unconstitutionally impermissible purpose; do you understand that?
>
> THE DEFENDANT: Yes, sir.

(Dkt. # 168 at 12).

Therefore, the only post conviction claims that the petitioner did not waive, and would be cognizable in a Motion Under 28 U.S.C. §2255, are claims of ineffective assistance of counsel, sentence above a statutory maximum, and sentence for an unconstitutionally impermissible purpose. The two grounds the petitioner raises are not included as one of the three exceptions. Therefore, petitioner has waived her right to bring these claims, and relief should be denied.

## IV. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that Petitioner's §2255 motion (Dkt.# 161) be **DENIED and dismissed with prejudice** from the docket.

Within **fourteen (14) days** after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the

recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable Frederick P. Stamp, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985): United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to her last known address as shown on the docket, and to counsel of record as applicable.

DATED: June 8, 2011

_____
DAVID J. JOEL
UNITED STATES MAGISTRATE JUDGE