IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

NATALIE STEGNER,

    Petitioner,

v.                                     Civil Action No. 5:10CV133
                                         (Criminal Action No. 5:10CR5-03)
UNITED STATES OF AMERICA,                     (STAMP)

    Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORTS AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I.  Procedural History

The petitioner, Natalie Stegner, appearing pro se,[1] filed a petition pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct sentence by a person in federal custody. The Court referred this case to United States Magistrate Judge David J. Joel for submission of proposed findings of fact and recommendation pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B). In her petition, the petitioner asserts that she was under the influence of heroin when questioned and did not understand the consequences of her statement. She also contends that she was incarcerated when one of the buys she was charged with occurred. The government filed a response and the petitioner filed a reply.

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1341 (9th ed. 2009).

The magistrate judge entered a report and recommendation recommending that the petitioner's petition be denied and that it be dismissed with prejudice because the petitioner waived her right to collaterally attack her sentence and because her two grounds for the habeas petition are not claims of ineffective assistance of counsel, sentence above a statutory maximum, or a sentence for an unconstitutionally impermissible purpose. In his report, the magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendation within fourteen days after being served with a copy of the magistrate judge's recommendation. The petitioner did not file objections.

## II. Facts

On April 5, 2010, the petitioner entered into a plea agreement by which she agreed to plead guilty to violating Title 21, United States Code, Section 846 and 841(b)(1)(C), conspiracy to possess with intent to distribute and distribute heroin. As part of the plea agreement, the petitioner waived her right to appeal and her right to collaterally attack her sentence. Specifically, the petitioner's plea agreement contained the following language regarding her waiver of appellate rights and post-conviction relief rights:

> 11. Ms. Stegner is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Acknowledging all this, the defendant knowingly waives the right to appeal her

sentence (or the manner in which that sentence was determined) including any enhancements under section 4B1.1 of the Guidelines, on the grounds set forth in Title 18, United States Code, Section 3742 or on any ground whatever, and waives the right to collaterally attack her sentence including but not limited to, a motion brought under Title 28, United States Code, Section 2255, if the Court determines that defendant's total offense level under the advisory Guidelines is Level 26 or less.

On April 9, 2010, the petitioner entered her plea in open court. At the time of her plea, the petitioner was thirty-six years old and a high school graduate. She testified that she had no physical or mental disability that might affect her ability to fully participate in the proceedings and denied that she had recently used illegal drugs or alcohol. The petitioner stated that she understood and agreed with all the terms and conditions of the plea agreement. This Court specifically asked the petitioner whether the petitioner understood the waiver of appellate and post-conviction relief rights to which the petitioner responded that she did. The Court then reviewed all of the rights the petitioner was giving up by pleading guilty.

The petitioner advised the Court that her attorney had adequately represented her, and that her attorney had left nothing undone. The petitioner testified that she was in fact guilty of the crime to which she was pleading guilty.

At the conclusion of the hearing, this Court determined that the petitioner had made the plea freely and voluntarily, that the petitioner understood the consequences of pleading guilty, and that

the elements of the crime under Rule 11 had been established. The petitioner did not object to this Court's findings.

On May 13, 2010, the petitioner appeared before the Court for sentencing. After considering several factors, the circumstances of both the crime and the defendant, and the sentencing objectives of punishment, this Court imposed a sentence of fifty-seven months of imprisonment.

### III. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Because the petitioner did not file any objections, this Court reviews the report and recommendation for clear error.

### IV. Discussion

The petitioner's grounds for vacating her sentence involve issues that occurred prior to her plea of guilty. These claims are without merit because she knowingly, voluntarily, and intelligently entered into a plea agreement in which she affirmatively waived both her right to appeal and her right to raise collateral challenges.

A defendant who enters into a plea agreement which contains a waiver of the right to collaterally attack a sentence is valid if the defendant knowingly and voluntarily waived those rights as part of the plea agreement. United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005). Such a waiver is also valid where collateral attacks are based upon claims of ineffective assistance of counsel which do not implicate the validity of the plea or the validity of the § 2255 waiver, or which do not relate directly to the plea agreement or the waiver. See Braxton v. United States, 358 F. Supp. 2d 497, 503 (W.D. Va. 2005). To determine the validity of a waiver of collateral-attack rights in a plea agreement, a court must examine the language of the waiver provision, the plea agreement as a whole, the plea colloquy, and the defendant's ability to understand the proceedings. United States v. Blick, 408 F.3d 162 (4th Cir. 2005). A waiver of collateral-attack rights, however, does not apply to claims of ineffective assistance of counsel where the facts giving rise to the claim occurred after the defendant has entered a guilty plea. Lemaster, 403 F.3d at 732.

Thus, in evaluating the validity of the petitioner's collateral challenge to her sentence under § 2255, this Court must determine whether the petitioner knowingly, intelligently, and voluntarily waived the right to collaterally challenge her sentence and whether the events giving rise to the claim occurred before, during, or after the petitioner entered her guilty plea.

5

This Court finds that the petitioner entered into a valid collateral-attacks waiver. Based upon the waiver provision itself, the plea agreement as a whole, and the plea colloquy, this Court finds that the petitioner knowingly, intelligently, and voluntarily waived her right to seek post-conviction relief for all of the claims she has raised in her § 2255 petition.

## V. Conclusion

Because neither party has objected to the report and recommendation of the magistrate judge, and because this Court finds that the magistrate judge's recommendation is not clearly erroneous, the ruling of the magistrate judge is hereby AFFIRMED and ADOPTED in its entirety. Accordingly, the petitioner's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 is DENIED. It is further ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Moreover, this Court finds that the petitioner was properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action will result in a waiver of appellate rights. Thus, the petitioner's failure to object to the magistrate judge's proposed findings and recommendation bars the petitioner from appealing the judgment of this Court. See 18 U.S.C. § 636(b)(1); Wright v. Collins, 766 F.2d 841, 845 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

This Court finds that it is inappropriate to issue a certificate of appealability in this matter. Specifically, the Court finds that the petitioner has not made a "substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). Upon review of the record, this Court finds that the petitioner has not made the requisite showing. Accordingly, the petitioner is DENIED a certificate of appealability.

The petitioner may, however, request a circuit judge of the United States Court of Appeals for the Fourth Circuit to issue the certificate.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se petitioner by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:     August 10, 2011

                                        /s/ Frederick P. Stamp, Jr.
                                        FREDERICK P. STAMP, JR.
                                        UNITED STATES DISTRICT JUDGE